PETER D. LIVINGSTON, Respondent, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Delay resulting from breaking down of freight car — company not liable for, when its car is broken on track of another company — Damages — evidence as to market-value — value at what time to be shown.*

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury at the Cayuga Circuit, and from an order made at the same Circuit, refusing to set aside the verdict.

The action was for damages for the failure to transport from Moravia to New York, via Auburn, within a reasonable time, certain cheese.

On November 15th, 1871, the assignor of plaintiff made an arrangement with one Ward, the freight agent of defendant at Auburn, by which he agreed, for a certain price, to transport from Moravia to New York, two car loads of cheese, and to send two cars from Auburn to Moravia to get the cheese. Moravia was some eighteen miles from Auburn, and on the Southern Central railroad, a corporation distinct from defendant. The assignor and his agent told the freight agent, at the time, that they wanted it shipped without delay; that they wanted to get it through as soon as possible, because it was sold; and Ward said he would send the cars as soon as he could. On the seventeenth of November, two of defendant's freight cars arrived on the road of the Southern Central at Moravia from Auburn, sent, as the court inferred, by Ward, the agent of defendant. These were loaded with the cheese the same day, and were returned by the Southern Central railroad to Auburn, arriving at the yard of that company the latter part of the afternoon of the same day. They were billed from Moravia to the agent of the Southern Central railroad at Auburn, and he, on the morning of the eighteenth, rebilled them to the defendant, the bills being delivered to them that morning. It was the custom of defendant, with its own switch engine, to take from the yard of the Southern Central railroad the freight going on the defendant's road. These cars remained at the yard for some five days. The occasion of this delay, in part at least,

arose from the fact that one of the cars was not in a condition to run ; had been broken ; and the cheese had to be transferred to another car, which was furnished by defendant upon the order of the agent of the Southern Central railroad, and the transfer was made by the men in his charge, but when does not appear, nor whether it was before the twentieth.   How or when the injury to the car occurred does not appear, nor whether the car was in good condition when it was sent from Auburn to Moravia.   On Saturday, the twenty-fifth of November, the consignees, who lived in New York, were notified by the defendant of the arrival of one car, and on Monday, the twenty-seventh, of the arrival of the other ; and they paid the freight, as agreed upon, and took the property.

On the nineteenth and twentieth of November, the cheese was. worth in New York thirteen and a half cents a pound, but on the twenty-fifth and twenty-seventh it was worth only twelve and a half cents.   Its value in the mean time does not appear.   The passage from Moravia to New York, by the New York Central, occupies from two to three days.

The court charged the jury, that the delivery to the defendant was complete on the eighteenth of November, and the injury to the car did not affect the question ; that if the defendant was guilty of negligence, as it seemed to be, the plaintiff could recover, as damages, the difference in price, which was one cent a pound, and interest from the time it should have been delivered.   The defendant duly excepted.   The jury found a verdict for plaintiff for $550.10.

The General Term *held*, that as even if the delivery was complete on the eighteenth, the cheese could not have reached New York until late on the twentieth, so that a delivery to the consignees could not have been reasonably made until the twenty-first, and as there was no evidence of what its value was on that day, the direction of the justice as to the allowance of one cent per pound was erroneous.   That it could as well be assumed that the price fell on the twenty-first as on the twenty-fourth.   That as the price of the cheese on that day was not shown, there was no basis for ascertaining the damages.

MERWIN, J., *held*, that it was incumbent upon the plaintiff to show that the car was injured at the time it was delivered to the Southern Central railroad, to be transported to Moravia, and that,

in the absence of such evidence, it would be presumed that it was injured while passing to and from that place.

*J. R. Cox,* for appellant. *John T. Pingree,* for respondent.

Opinion by MERWIN, J.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

Judgment and order reversed and new trial granted, costs to abide the event.